UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tan Ngoc Tran, | ) | CASE NO: 5:22CV104 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Director of USCIS, | ) | |
| | ) | (Resolving Doc. 8) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by the Defendant Ur Mendoza Jaddou, the Director of the United States Citizenship and Immigrations Services ("USCIS"). Doc. 8. Upon review, the motion to dismiss for lack of jurisdiction is GRANTED.

Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.1983). This Court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If subject matter jurisdiction is lacking, this Court cannot adjudicate the action. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: (1) facial attacks, and (2) factual attacks. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir.1990). Regardless of the type of attack, the plaintiff, as the party invoking federal subject matter jurisdiction, bears the burden of persuading the

Court that subject matter jurisdiction exists. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir.2005).

Plaintiff Tan Ngoc Tran contends that this Court has subject matter jurisdiction over his complaint under the Administrative Procedure Act, the Mandamus statute, and under 28 U.S.C. § 1346. Specifically, Tran seeks an order from this Court finding that there has been an unreasonable delay in adjudicating his application for adjustment of status. Upon review, the Court finds that it lacks jurisdiction under the facts pled by Tran.

Initially, 28 U.S.C. § 1346 does not provide this Court the authority to issue injunctive or declaratory relief – the only relief sought by Tran. *See Lee v. Thornton*, 420 U.S. 139, 140 (1975). Accordingly, it cannot grant this Court jurisdiction over Tran's claim.

This Circuit has issued varying views on whether the statutory framework allows for this Court to review the timing aspect of the USCIS process with respect to the adjustment of status. This Court finds the rationale expressed in those cases finding no jurisdiction to be more persuasive. Some courts have held that the statutory framework of 8 U.S.C § 1255(a) prohibits judicial review of any part of the USCIS' adjudicatory process, including its timing. These courts have concluded that the lack of a specific time limitation in the statute reflects Congressional intent to leave the entire adjudicatory process to the agency's discretion. *See, e.g. Zhang v. Secretary of Homeland Security*, 2007 WL 25721791 (N.D.Ohio 2007); *Diini v. Hansen*, 2008 WL 4758686 (S.D.Ohio Oct.27, 2008); *Fonov v. Gonzales*, 2007 WL 2815451 (S.D.Ohio Sept.25, 2007); *Xu v. Gonzales*, 2007 WL 2815449 (S.D.Ohio Sept.25, 2007); *Korobkova v. Jenifer*, 2007 WL

3245178 (E.D.Mich. Nov.2, 2007); *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va.2006). Moreover, "the delay alone, without other circumstances of unreasonableness, is not the 'unreasonable delay' required to confer subject matter jurisdiction under the APA." *Kobaivanova v. Hansen*, No. 1:11CV943, 2011 WL 4401687, at *6 (N.D. Ohio Sept. 16, 2011). As such, the APA cannot support a finding of jurisdiction over this complaint.

Because Tran has failed to allege facts that support a finding of an unreasonable delay, he is not entitled to an order compelling the adjudication of his application. As a result, the Mandamus Act also cannot serve as the basis of jurisdiction for this complaint.

The Court understands and is sympathetic to Tran's frustration over the delay in adjudicating his application. However, given the impact of the pandemic and the lack of any allegation beyond the passage of time, this Court lacks jurisdiction to resolve the issues presented by Tran.

The motion to dismiss is GRANTED, and this matter is hereby DISMISSED.

IT IS SO ORDERED.


September 1, 2022                                                  /s/ *Judge John R. Adams*
Date                                                                           JUDGE JOHN R. ADAMS
                                                                                   UNITED STATES DISTRICT COURT